ROVIRA, APPELLANT, *v.* THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Guayama Denying Admission to Record of a Deed of Partition of Inheritance.

No. 192.—Decided August 1, 1914.

INHERITANCE—PROPERTY OF SPOUSES—LIQUIDATION OF CONJUGAL PARTNERSHIP.—
When, as in the case at bar, it appears that the wife inherited certain property during wedlock and sold it, she receiving the price therefor, and it is not shown that she afterwards delivered it to her husband, it is not possible in liquidating the conjugal partnership upon the death of the husband to deduct the value of said property.

ID.—PARAPHERNAL PROPERTY—ADMINISTRATION.—In accordance with the old code, in order that the husband may administer the paraphernal property of his wife, it is necessary that the said property be delivered to him openly and

with the evident intention of having him administer the same; and, in case of doubt, it must be inferred that such delivery was not made and that the administration of the paraphernal property not delivered in such manner to the husband corresponds to the wife.

ID.—JUDICIAL APPROVAL—MINORS—PARTITION BY PRIVATE DOCUMENT.—In accordance with section 71 of the Act of March 9, 1905, relating to special legal proceedings, as amended by the Act of March 8, 1906, when a partition of inheritance is made in a private document and submitted to the approval of the court because of minor heirs interested, the certificate issued by the secretary of the court of the partition and of the decree approving the same is recordable when it contains all the necessary requisites, and it is not necessary to file the said document in a notarial protocol.

ID.—INHERITANCE TAX—RECORD OF TITLE.—When, as in the present case, the heirs consist only of the children and the widow, the same act exempts them from the payment of inheritance tax, and the failure to present a receipt for the payment of said tax, or a certificate of exemption, in the registry is not a defect preventing the recording of the partition of inheritance.

The facts are stated in the opinion.

Mr. C. Domínguez Rubio for the appellant.

Mr. Felipe Cuchí, the registrar, filed a brief *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

"Proceedings for the partition of the estate of Tomás Villodas y Curet, deceased," having been presented in the Registry of Property of Guayama for record, the registrar, on June 24, 1914, refused to admit the same to record for the reasons stated in the following decision, from which the present administrative appeal was taken:

"The admission to record of the foregoing document is denied for the following reasons:

"1. Lack of clearness in its wording, for although it is stated in clause 5 on page 3 of the said partition that the widow, Teresa Rovira y Tomás, during her wedlock with the deceased spouse, acquired a property valued at $3,000, for a good consideration, and sold the same to a third party for $4,000, it does not state that the said property was delivered to the husband, now deceased, as paraphernal property nor the amount for which it was sold, so that his heirs would be compelled to make restitution therefor; for only when paraphernal property is delivered to the husband, or when the amount for which it is sold is under his control, must the said husband or his heirs, as the case may be, make restitution thereof to the widow.

"2. Because the partition proceedings are not protocoled or presented in a form that would permit of this, because article 3 of the Mortgage Law forbids the recording of private documents; and the fact that the Judge of the District Court of Guayama approved certain acts of partition set out in a private document does not change the nature of such partition, which should not have been sworn to before a notary because the partition of an inheritance is a contract, and oaths in contract are void.

"3. Because although this is a case of inheritance occurring after the adoption of the Political Code, no inheritance tax receipt or certificate of exemption has been presented. No cautionary notice of this denial of admission to record has been entered because Celestino Domínguez, who presented the document, did not desire it."

The partition in question was made privately by Juana Villodas, who is of age and a daughter of the deceased, by Manuel Fernández, defensor of two minor children of the deceased, and by the widow, Teresa Rovira. It is stated therein that the three children and the widow were the only heirs of Tomás Villodas and were so adjudged by the competent district court, Villodas having died intestate; that Villodas was married three times; that he had no children by the first marriage; that he had one daughter, who is now of age, by the second marriage, and two children, who are minors, by the third; that he brought no property to his marriage with Teresa Rovira, and that during the said marriage she inherited a property valued at $3,000, which was afterwards sold for $4,000, "which Doña Teresa duly received."

After setting out the foregoing, the next step in the proceedings was to inventory the estate left by Villodas at his death and to appraise and allot the same. The said estate consists of three small rural properties valued at $1,950 together and was allotted to the widow "in payment of her private property sold during the marriage." Therefore, all the estate was applied to the payment of the said property and nothing actually remains to be partitioned. The partition nowhere shows that the money obtained from the sale

of the property inherited by Teresa Rovira and received by her was delivered to the manager of the conjugal partnership composed of Villodas and Teresa Rovira.

The partition having been presented to the District Court of Guayama, the said court approved the same and ordered that "a certified copy of the petition and of the said partition issue to the petitioners for the exercise of their right and that the same serve as a title for recording the properties allotted and distributed in the said partition." The copy was duly issued and presented in the registry, and we have seen already that the registrar refused to admit the same to record for the reasons given.

1. In our opinion the first ground on which the registrar bases his refusal is well founded. From the data contained in the partition it is impossible to reach the conclusion that the payment therein made to the widow of Villodas is warranted. Villodas died in Guayama on November 23, 1908. The property was acquired by Teresa Rovira for a good consideration on March 6, 1905. The date of the sale of the said property is not stated definitely in the partition, but must have been between the years 1905 and 1908. During all that time section 160 of the Revised Civil Code, as amended in 1904 (Acts of 1904, p. 183), providing that "The husband and wife shall have the right to manage and freely dispose of their respective separate estates," was in force. If Teresa Rovira inherited a certain real property during her wedlock with Villodas, and in the exercise of the right granted her by law freely disposed of the same and, as is stated expressly in the said partition, received the proceeds of the sale, how is it possible to claim said proceeds from the estate of Villodas if it is not shown that Villodas received the same in some manner? How is it possible that an amount which does not appear to have been contributed to the conjugal partnership can be taken into account in liquidating the said partnership?

After examining carefully all the provisions of our Revised Civil Code relating to conjugal partnerships and the

rules governing partnerships generally, we find nothing to sustain the contention of the appellant in this case. And if we recur to the old law, we find the principle clearly established that in order that the husband may manage the private property of his wife she must deliver the same to him in an express manner and with the manifest intention to do so. In case of doubt, it should be decided that no such delivery was made and that the management of the paraphernal property not delivered in the said manner to the husband pertains to the wife. See *Prado* v. *Estate of Río,* 15 P. R. R., 569, in which Spanish jurisprudence is cited, and it was held that "as the delivery of the personal property of the wife to the husband has not been proved, we cannot arrive at the conclusion that the property of the husband was legally mortgaged, and it must be presumed that the wife continued administering her own property and that the claim now brought forward is unfounded."

2. In our opinion the second ground of the denial is not well founded.

The old Code of Civil Procedure provided that after the partition had been finally approved and protocoled the interested parties who made application therefor should be furnished with a certificate of their respective shares and awards. 4 Manresa, Law of Civil Procedure, 515.

The statute in force at present (section 71 of the Act relating to Special Legal Proceedings as amended in 1906—Acts of 1906, p. 167,) provides that when the partition has been definitely approved, each of the interested parties shall be entitled to a certified copy of the final order of partition, which shall contain all of the requisites necessary for inscription in the registry of property, such documents declaring titles that may be recorded. When there are minors among the heirs, as in this case, and their legal representatives and the adult heirs agree to the partition, the appointment of a partitioner (*contador partidor*) is not necessary and the interested parties themselves may present to the court the

partition of the estate which they have made. The court will approve the said partition after making such changes therein as it may deem advisable and an appeal may be taken from its action to this court.

The statute nowhere provides that in cases where the partition is made privately it must be executed before a notary, nor does it make any provision as to protocoling the partition. As the law does not require these formalities, it seems to us that under the present statutory requirements it is sufficient that the interested parties, by mutual consent, make the partition and set out its conditions in either a public or a private document and submit the same to the district court for approval. After the same is approved by the court in the manner prescribed by law, it may be recorded in the registry by presenting a certified copy of the partition and of the order approving the same, provided always that it contain all the necessary requirements for that purpose. The original papers will remain on file in the district court.

3. Nor is the third ground of the decision appealed from well founded. When the heirs, as in the present case, consist only of the children and the widow, the statute exempts them from the payment of inheritance taxes. Section 368 of the Political Code. This case is distinct from the one on which this court based its decision of May 7, 1914, in *Díaz Millán v. The Registrar.*

4. For the foregoing reasons the decision appealed from should be affirmed, but only on its first ground.

*Affirmed on the first ground and reversed on the rest.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.